1  Peter A. Javanmardi (State Bar No. 258449)
2  peter@javanmardilaw.com
   Marc A. Holmquist (State Bar No. 258406)
3  marc@holmquistlaw.com
   Miranda A. Mossavar (State Bar No. 279251)
4  miranda@mossavarlaw.com
5  JAVANMARDI LAW, PC | HOLMQUIST LAW, PC
   1875 Century Park East, Suite 1025
6  Los Angeles, CA 90067
   Telephone:  (424) 286-4240
7  Facsimile:   (310) 564-0347
8  Attorneys for Plaintiff SARA AHERN

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/16/2023 4:45 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

9
10       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
11      **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

12  SARA AHERN,                          Case Number: 23STCV19634
13              Plaintiff,               [Unlimited Jurisdiction]
14      v.                               **COMPLAINT FOR DAMAGES**
15  FISERV, INC.; FISERV SOLUTIONS,      1. FEHA Employment Discrimination
16  LLC; and DOES 1 through 10, Inclusive,  (Gov. Code §12940(a));
                                         2. Failure to Accommodate in Violation of
17              Defendants.                 FEHA (Gov. Code §12940(m));
                                         3. Failure to Engage in a Timely & Good-
18                                           Faith Interactive Process in Violation of
19                                           FEHA (Gov. Code §12940(n));
                                         4. FEHA Harassment (Gov. Code
20                                           §12940(j));
                                         5. FEHA Retaliation (Gov. Code
21                                           §12940(h), (m));
                                         6. CFRA Interference and Retaliation (Gov.
22                                           Code § 12945.1, et seq.);
                                         7. FEHA Failure to Prevent/Remedy
23                                           Discrimination, Harassment or
                                             Retaliation (Gov. Code §12940(k));
24                                       8. Wrongful Discharge in Violation of
                                             Public Policy; and
25                                       9. Intentional Infliction of Emotional
                                             Distress.
26                                       **[DEMAND FOR JURY TRIAL]**
27
28

-1-
**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

EXHIBIT 1
Page 1

Plaintiff SARA AHERN, demanding a jury trial, brings this action against Defendants FISERV, INC.; and FISERV SOLUTIONS, LLC; and DOES 1 through 10 (collectively "Defendants") for general, compensatory, and punitive damages, as well as costs and attorneys' fees resulting from Defendants' unlawful conduct, and as grounds therefore alleges as follows:

## **GENERAL ALLEGATIONS**

1.      Plaintiff SARA AHERN (hereafter "Plaintiff") was at all relevant times an adult female working for Defendants FISERV throughout Southern California, servicing mostly Los Angeles, until June 30, 2022, when Defendants unlawfully terminated her employment. Plaintiff worked for FISERV for 20 years and was 67 years of age when she was wrongfully terminated.

2.      Plaintiff is informed and believes, and based thereon alleges, that at all times relevant in this Complaint Defendant FISERV, INC. is and was a corporation authorized to operate in the State of California. Defendant FISERV, INC. was one of Plaintiff's employer during the relevant time period.

3.       Plaintiff is informed and believes, and based thereon alleges, that at all times relevant in this Complaint Defendant FISERV SOLUTIONS, LLC is and was a limited liability company authorized to operate in the State of California and with members who are citizens of California. Defendant FISERV SOLUTIONS, LLC was one of Plaintiff's employer during the relevant time period.

4.      Plaintiff is informed and believes, and based thereon alleges, that FISERV, INC. and FISERV SOLUTIONS, LLC (collectively referred to as "FISERV") acted as joint employers with respect to Plaintiff's employment. Alternatively, they were agents of one another.

///

///

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

**EXHIBIT 1**
**Page 2**

5.     Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by these Defendants.

6.     Plaintiff is informed and believes and based thereon alleges that at all times, each Defendant, whether named or fictitious, was acting as an agent, employee, alter ego, joint venturer, joint employer, and/or integrated enterprise for or with each of the other Defendants and each were co-conspirators with respect to the acts and the wrongful conduct alleged herein, and/or acted within the scope of their authority and/or ratified such conduct of the other(s), so that each is responsible for the acts of the other in connection with the wrongful acts of such other Defendants.

7.     Plaintiff is informed and believes and based thereon alleges that each Defendant is so interrelated with each other Defendant that they amount to one entity for purposes of establishing liability. Plaintiff is informed and believes and based thereon alleges that each Defendant exercises such control over the other Defendant(s), including as to corporate decision-making, that they amount to and should be treated as one entity for purposes of establishing liability, including as to Plaintiff and the claims asserted herein.

8.     Whenever and wherever reference is made in this Complaint to any act or failure to act by a defendant or co-defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each defendant acting individually, jointly and severally.

9.     Plaintiff is informed and believes and based thereon alleges that, at all times material herein, each Defendant and/or its respective agents, employees or supervisors, authorized, condoned and/or ratified the unlawful conduct of each other.

-3-
**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

10.   Plaintiff is informed and believes and based thereon alleges that, at all times material herein, Defendants and/or their respective agents, employees, or supervisors knew or reasonably should have known that unless they intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct of the employees of Defendants set forth above, the remaining defendants and employees perceived the conduct and omissions as being ratified and condoned.

11.   On information and belief, FISERV employs and has employed at least five (5) employees and is therefore subject to the California Fair Employment and Housing Act, California Government Code section 12900, et seq. (hereafter "FEHA").

12.   Plaintiff is informed and believes and based thereon alleges that, at all times material herein, Defendants and/or their respective agents, employees or supervisors, authorized, condoned and/or ratified the unlawful conduct of each other.

13.   In addition, Defendants compelled, coerced, aided, and abetted the discrimination, which is prohibited by California Government Code section 12940(i).

**FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION**

14.   Plaintiff started working for FISERV in or around 2002. Her first job was Vice President-Conversions for the Los Angeles Data Center (Western Region). In 2016, the Eastern Region and Western Region were combined and Plaintiff's job title was changed to Manager Back Office Implementations—Financial. Plaintiff reported to Neil Coombes. In around 2017/2018, Plaintiff title changed to Manager Back Office Implementations-Deposits/Financial. Her final role was Manager, Implementations. Plaintiff's employment for the entire 20 years was remote, i.e., she worked from home.

15.   In 2019, FISERV acquired First Data Corporation.

16.   Plaintiff was an excellent employee with a stellar history of performance reviews. She was versed in various positions, and she was always willing to do whatever was needed for the company, even travel or relocate to another locale if necessary.

-4-

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

EXHIBIT 1
Page 4

17.     Starting in 2020/2021, Plaintiff began to see some of the more senior (in tenure), and older employees get pushed out. For example, Neil Coombes, her previous boss, was pressured to retire. Other, older employees suffered the same fate. When management would discuss layoffs, they would often refer to them as retirements because of the age of the employees impacted.

18.     Unfortunately, in 2022, at the age of 67, Plaintiff started suffering some additional health problems related to her high blood pressure/hypertension. On or about March 31, 2022, Plaintiff had to go to Urgent Care because of her disability. She waited until approximately 5:30 p.m. to go, because of her dedication to work. Plaintiff was at the hospital for approximately five hours and was prescribed medication and told to follow up with her primary physician.

19.     Plaintiff had multiple doctors' appointments and tests over the next several weeks. Plaintiff also informed management that she needed to take some time off and/or work less hours to monitor her blood pressure. Plaintiff in fact worked less hours in April in May 2022 and she was open with management that she was trying to take care of her health. At the same time, Plaintiff was dedicated as always and was able to perform her job.

20.     In June 2022, unfortunately, Plaintiff suffered that same fate as the other older/disabled employees. Her employment was terminated, and the only reason given was a supposed "job elimination." However, Plaintiff did not believe the reasons to be true because she knew the business and she knew that her role was important. Also, in the months leading to her termination, including the time she was suffering serious health issues, FISERV hired other younger, male employees to fill roles that Plaintiff could have done. These employees had much less experience than Plaintiff, but likely cost the company much less.

///

///

///

21.   Plaintiff was not willing to accept this termination. At her age (67 at the time), with limited years of work ahead, and 20 years of service with the company, she did not want to begin a new career somewhere else. So, Plaintiff asked for other job opportunities. She was a remote employee, but she was flexible and willing to move so that she could close out her career with FISERV. She reached out to HR, but nobody was willing to help her.

22.   Plaintiff did not give up, however. She also applied for at least two positions that she was more than qualified for. She even interviewed for one, but she did not get the job. There was no logical explanation for FISERV's decision other than Plaintiff's age and salary range.

23.   On or about August 16, 2023, Plaintiff exhausted her administrative remedies by timely filing a Complaint of Discrimination with the California Department of Fair Employment & Housing ("DFEH"), regarding the claims alleged herein against Defendants. Per Plaintiff's request, an immediate right-to-sue letter was issued on August 16, 2023.

## **FIRST CAUSE OF ACTION**

**(Employment Discrimination in Violation of FEHA (Gov. Code § 12940(a))**

**Against Defendants FISERV, INC., FISERV SOLUTIONS, LLC, and Does 1-10)**

24.   Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

25.   Under Government Code section 12940(a), it is an unlawful employment practice for an employer to refuse to hire or employ a person, or to discriminate against a person in the terms, conditions, or privileges of employment on the basis of, among other things, the person's age, and/or disability (actual or perceived).

///

///

///

-6-

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

EXHIBIT 1
Page 6

26. At all times mentioned in this Complaint, FISERV regularly employed five or more persons, bringing them within the provisions of FEHA, which prohibits employers or their agents from, among other things, discriminating against employees based on age, and/or disability (actual or perceived).

27. Plaintiff was subjected to discrimination in the workplace. Plaintiff is informed and believes that said discrimination was based on her age, and/or disability (actual or perceived).

28. Plaintiff is also informed and believes and based thereon alleges that FISERV had a desire to replace its older, disabled employees with younger and healthier (or perceived to be healthier) employees and/or employees who were paid less. Plaintiff is informed and believes that she was replaced by a significantly younger, male employee. Plaintiff was age 67, suffering from disabilities, and FISERV was aware of her disability or at minimum perceived her to be disabled at the time of his termination.

29. FISERV engaged in unlawful employment practices in violation of FEHA by terminating Plaintiff from her position based on Plaintiff's age, and/or disability (actual or perceived). Plaintiff believes and alleges that Plaintiff's age, and/or disability (actual or perceived) were substantial and motivating factors in FISERV's decision to terminate Plaintiff's employment. Plaintiff also reached out after the termination to try and get it reversed, or get transferred or rehired, but her efforts were unsuccessful. Plaintiff reached out to FISERV's legal department and Corporate HR, but she was still not getting anywhere. Plaintiff even reapplied for jobs several months later, and she was rejected despite her vast experience.

30. As a direct, foreseeable, and proximate result of FISERV's discriminatory acts, Plaintiff has suffered and continues to suffer injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial. Plaintiff claims such amount

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

EXHIBIT 1
Page 7

as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

31.   As a further proximate result of the conduct described in this Complaint, Plaintiff has incurred and will continue to incur medical expenses in an amount according to proof at the time of trial.

32.   As a result of the above, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

33.   In doing the acts herein alleged, FISERV, through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff. Alternatively, FISERV's officers, directors, and managing agents ratified oppressive, fraudulent, and/or malicious conduct against Plaintiff and other older, disabled, or otherwise protected employees. As such, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

34.   Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, is also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965(b).

## SECOND CAUSE OF ACTION

**(Failure to Provide Reasonable Accommodation, Pursuant to Government Code § 12940(m), Against Defendants FISERV, INC., FISERV SOLUTIONS, LLC, and Does 1-10)**

35.   Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

36.   Under Government Code section 12940(m), it is unlawful for an employer to fail to make reasonable accommodations for an applicant or employee with a disability. The employer also has an affirmative duty to, among other things, inform employees and applicants with a disability of other job opportunities and ascertain whether the employee or applicant is interested in, or qualified for said positions.

1  Additionally, an employer who regards an employee or applicant as disabled also has a

2  duty to provide reasonable accommodations for that employee.

3      37.    Plaintiff was disabled and/or perceived by Defendants as disabled. As

4  such, Defendants, who were aware of Plaintiff's disability, and/or who regarded

5  Plaintiff as disabled, had a duty to provide Plaintiff with reasonable accommodation if

6  any were necessary.

7      38.    Defendants violated Government Code section 12940(m) by refusing to

8  provide a reasonable accommodation for Plaintiff's actual or perceived disabilities.

9  Instead, they targeted Plaintiff for termination and terminated her employment just

10  weeks after she disclosed a disability and need for accommodations.

11      39.    As a proximate result of these violations of Government Code section

12  12940(m), Plaintiff has suffered and continues to suffer aggravation of injuries,

13  substantial losses in earnings and job benefits, humiliation, embarrassment, mental and

14  emotional distress, and discomfort, all to Plaintiff's damage in an amount over the

15  minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

16  Plaintiff claims these damages together with pre-judgment interest pursuant to Civil

17  Code section 3287 and/or any other authority providing for pre-judgment interest.

18      40.    As a further proximate result of the conduct described in this Complaint,

19  Plaintiff has incurred and will continue to incur medical expenses in an amount

20  according to proof at the time of trial.

21      41.    In doing the acts herein alleged, FISERV, through their officers, directors,

22  and/or managing agents, acted with oppression, fraud, malice, and in the conscious

23  disregard of the rights of Plaintiff. Alternatively, FISERV's officers, directors, and

24  managing agents ratified oppressive, fraudulent, and/or malicious conduct against

25  Plaintiff and other older, disabled, or otherwise protected employees. As such, Plaintiff

26  is also entitled to punitive damages in an amount according to proof at the time of trial.

27  ///

28  ///

-9-
**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

EXHIBIT 1
Page 9

42.     Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, is also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965(b).

## THIRD CAUSE OF ACTION

**(Failure to Engage in Timely Good Faith Interactive Process, Pursuant to Gov. Code § 12940(n), Against Defendants FISERV, INC., FISERV SOLUTIONS, LLC, and Does 1-10)**

43.     Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

44.     Under Government Code section 12940(n), it is unlawful for an employer to fail to engage in a timely, good faith interactive process to determine effective reasonable accommodations, if any, for an employee or applicant with a disability or medical condition. Section 12940(n) also requires an employer who regards an employee as disabled to engage that employee in a timely, good faith interactive process to determine effective accommodations for that perceived disability. Engaging in the interactive process is a continuing duty of the employer under FEHA.

45.     Plaintiff was disabled within the meaning of FEHA and FISERV was aware of her disability, or perceived Plaintiff to be disabled. Specifically, FISERV was aware of Plaintiff's disability because she informed management about her March 31, 2022 visit to Urgent Care and follow up visits. She also requested time off and/or a modified schedule so she could work slightly less hours and focus on her health. FISERV failed to engage in a timely, good faith interactive process with Plaintiff at all required times. Instead, FISERV targeted Plaintiff for termination and terminated her employment. To make matters worse, FISERV refused to transfer Plaintiff to another position (despite her requests), and they also failed to rehire her when she reapplied.

///
///

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

EXHIBIT 1
Page 10

46.     As a direct, foreseeable, and proximate result of Defendant FISERV's failure to engage in a timely and good faith interactive process, Plaintiff has suffered and continues to suffer aggravation of injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other authority providing for pre-judgment interest.

47.     As a further proximate result of the conduct described in this Complaint, Plaintiff has incurred and will continue to incur medical expenses according to proof.

48.     In doing the acts herein alleged, FISERV, through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff. Alternatively, FISERV's officers, directors, and managing agents ratified oppressive, fraudulent, and/or malicious conduct against Plaintiff and other older, disabled, or otherwise protected employees. As such, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

49.     Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, is also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965(b).

## FOURTH CAUSE OF ACTION

### (Harassment, Pursuant to Government Code § 12940(j),

### Against Defendants FISERV, INC., FISERV SOLUTIONS, LLC, and Does 1

### through 10)

50.     Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

///

///

-11-
**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

EXHIBIT 1
Page 11

51.    Under Government Code section 12940(j), it is unlawful for an employer or individual to harass an employee based on, among other things, the employee's age, and/or disability (actual or perceived), or for engaging in protected activities.

52.    Defendants FISRV, through their managing agents, engaged in actions to harass Plaintiff, at the time a 67-year-old female with physical disabilities, based on those protected characteristics. Defendants FISERV violated Government Code section 12940(j) by creating a hostile work environment and by failing to prevent said acts from occurring. Defendants FISERV terminated Plaintiff's employment based on her protected characteristics and protected acts, with no actual stated reason for the termination other than a "job elimination."

53.    Defendants FISERV indicated a desire to hire younger, healthier, and less expensive workers in place of older workers like Plaintiff, and on information and belief they carried out these desires. Defendants FISEV terminated Plaintiff's employment for false, pretextual, and malicious reasons based on her protected characteristics.

54.    The conduct was carried out, authorized, and/or ratified by Plaintiff's managers and other officers, directors and/or managing agents of Defendants FISERV; therefore, Defendants FISERV are strictly liable for the conduct. Alternatively, the actions were known by Defendants FISERV's officers, directors and/or managing agents yet nothing was done to prevent it. In either event, Defendants FISERV are liable for the conduct because the harassers were managers and/or because Defendants FISERV knew or should have known of the conduct and failed to prevent it and/or ratified and/or condoned it.

55.    Plaintiff believes that her age, and/or disability (actual or perceived), and protected conduct, was the cause of the unwanted harassing conduct described above. The actions were sufficiently severe or pervasive to alter the conditions of employment and thereby constituted a hostile work environment in violation of FEHA.

///

///

-12-

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

EXHIBIT 1
Page 12

56.    As a direct, foreseeable, and proximate result of Defendant FISERV's actions, Plaintiff has suffered and continues to suffer aggravation of her injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

57.    As a further proximate result of Defendants FISERV's conduct described herein, Plaintiff has incurred and will continue to incur medical expenses in an amount according to proof at the time of trial.

58.    In doing the acts herein alleged, FISERV, through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff. Alternatively, FISERV's officers, directors, and managing agents ratified oppressive, fraudulent, and/or malicious conduct against Plaintiff and other older, disabled, or otherwise protected employees. As such, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

59.    Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, is also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965(b).

## **FIFTH CAUSE OF ACTION**
### **(Retaliation, Pursuant to Government Code § 12940(h)(m),**
### **Against Defendants FISERV, INC., FISERV SOLUTIONS, LLC, and Does 1 through 10)**

60.    Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

61.    Government Code section 12940(h) provides that it is unlawful for an employer to discriminate against any person because the person has engaged in protected activities under FEHA.

///

-13-
**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

EXHIBIT 1
Page 13

62.     Government Code section 12940(m) provides that is unlawful for an employer to "retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted."

63.     Plaintiff engaged in more than one protected activity under FEHA preceding her ultimate termination, including that she requested and took protected medical leave (including under CFRA) for her disability, requested reasonable accommodations upon her return, and protested the illegal terminations and forced retirements.

64.     As a proximate result of Defendants FISERV's actions, Plaintiff has suffered and continues to suffer aggravation of injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

65.     As a further proximate result of the conduct described in this Complaint, Plaintiff has incurred and will continue to incur medical expenses in an amount according to proof at the time of trial.

66.     In doing the acts herein alleged, FISERV, through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff. Alternatively, FISERV's officers, directors, and managing agents ratified oppressive, fraudulent, and/or malicious conduct against Plaintiff and other older, disabled, or otherwise protected employees. As such, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

67.     Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, is also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965(b).

///

-14-
**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

EXHIBIT 1
Page 14

## SIXTH CAUSE OF ACTION

**(CFRA Interference and Retaliation (Gov. Code §12945.1, et. seq.,), Against Defendants FISERV, INC., FISERV SOLUTIONS, LLC, and Does 1-10)**

68.     Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

69.     Government Code section 12945.1, et seq., also known as CFRA, provides job protection for an employee who needs time off for a serious medical condition. It is unlawful for an employer to interfere with an employee's right to take leave under CFRA. Under Section 12945.2(k), it is also unlawful to retaliate against an employee who exercise her right to protection under CFRA.

70.     Plaintiff suffered a serious medical condition in March 2022 and she sought medical treatment through April and May 2022. At the time, Plaintiff should have been offered leave under CFRA. However, Plaintiff was rushed to return to work, which she did, only to be terminated weeks later when she still technically had CFRA entitlement.

71.     As a proximate result of Defendants FISERV's actions, Plaintiff has suffered and continues to suffer aggravation of her injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, according to proof at trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

72.     As a further proximate result of the conduct described in this Complaint, Plaintiff has incurred and will continue to incur medical expenses according to proof.

73.     In doing the acts herein alleged, FISERV, through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff. Alternatively, FISERV's officers, directors, and managing agents ratified oppressive, fraudulent, and/or malicious conduct against

EXHIBIT 1
Page 15

Plaintiff and other older, disabled, or otherwise protected employees. As such, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

74.    Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, is also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965(b).

## SEVENTH CAUSE OF ACTION

**(Failure to Prevent or Remedy Discrimination, Harassment, and/or Retaliation in Violation of FEHA (Gov. Code §12940(k)), Against Defendants FISERV, INC., FISERV SOLUTIONS, LLC, Does 1-10)**

75.    Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

76.    Defendants FISERV failed to prevent the above-referenced acts of discrimination, harassment, and retaliation towards Plaintiff, in violation of Government Code section 12940(k). The failure to undertake a prompt and adequate investigation and complete failure to prevent the above-alleged acts of discrimination, and retaliation constitutes an unlawful employment practice. Such conduct is in violation of FEHA and has resulted in damage and injury to Plaintiff as alleged herein.

77.    As a proximate result of Defendants FISERV's violation of Government Code section 12940(k), Plaintiff has suffered and continues to suffer injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other law providing for pre-judgment interest.

///

///

///

-16-
**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

EXHIBIT 1
Page 16

78.     In doing the acts herein alleged, FISERV, through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff. Alternatively, FISERV's officers, directors, and managing agents ratified oppressive, fraudulent, and/or malicious conduct against Plaintiff and other older, disabled, or otherwise protected employees. As such, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

79.     Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, is entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965(b).

## EIGHTH CAUSE OF ACTION

**(Wrongful Discharge in Violation of Public Policy,**

**Against Defendants FISERV, INC., FISERV SOLUTIONS, LLC, and Does 1-10)**

80.     Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

81.     The above-described conduct of Defendants constitutes discrimination, harassment, retaliation, and wrongful termination of Plaintiff in violation of public policy embodied in FEHA, codified at California Government Code sections 12900–12996.

82.     As a proximate result of Defendant FISERV's actions, Plaintiff has suffered and continues to suffer injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over this Court's jurisdictional minimum, to be proven at trial.

83.     As a further proximate result of Defendant FISERV's conduct described in this Complaint, Plaintiff has incurred and will continue to incur medical expenses in an amount according to proof at the time of trial.

///

-17-

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

EXHIBIT 1
Page 17

84.     In doing the acts herein alleged, FISERV, through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff. Alternatively, FISERV's officers, directors, and managing agents ratified oppressive, fraudulent, and/or malicious conduct against Plaintiff and other older, disabled, or otherwise protected employees. As such, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

85.     As a further result of the wrongful conduct of Defendants, Plaintiff is also entitled to attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5.

## NINTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress,

### Against Defendants FISERV, INC., FISERV SOLUTIONS, LLC, and Does 1-10)

86.     Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

87.     The conduct of Defendants FISERV, as set forth above, was so extreme and outrageous that it exceeded the boundaries of a decent society and lies outside the compensation bargain. Said conduct was intended to cause Plaintiff severe emotional distress or was done in conscious disregard of the probability of causing severe emotional distress. Said conduct was also in direct violation of California law public policy, specifically those found in the California Labor Code and FEHA.

88.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has sustained substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

89.     As a further proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer humiliation, embarrassment, severe emotional distress, and mental anguish, all to Plaintiff's damage in an amount according to proof at the time of trial.

///

-18-
**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

EXHIBIT 1
Page 18

90.     In doing the acts herein alleged, FISERV, through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff. Alternatively, FISERV's officers, directors, and managing agents ratified oppressive, fraudulent, and/or malicious conduct against Plaintiff and other older, disabled, or otherwise protected employees. As such, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff **SARA AHERN** prays for judgment against Defendants **FISERV, INC., FISERV SOLUTIONS, LLC,** and **DOES 1 through 10**, as follows:

1. For past and future compensatory damages, according to proof;
2. For pre and post-judgment interest at the legal rate;
3. For exemplary and punitive damages according to proof;
4. Injunctive, equitable and declaratory relief;
5. Attorneys' fees and costs of suit;
6. For such other and further relief as the Court deems proper.

Dated: August 14, 2023          JAVANMARDI LAW, PC | HOLMQUIST LAW, PC
                                 MOSSAVAR LAW, PC

                                 _____
                                 Peter A. Javanmardi, Esq.
                                 Marc A. Holmquist, Esq.
                                 Miranda A. Mossavar, Esq.
                                 Attorneys for Plaintiff, Sara Ahern

-19-

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

EXHIBIT 1
Page 19

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a trial by jury.

3

4    Dated: August 14, 2023          JAVANMARDI LAW, PC | HOLMQUIST LAW, PC

5                                                   MOSSAVAR LAW, PC

6

7

8                                                   Peter A. Javanmardi, Esq.
                                                        Marc A. Holmquist, Esq.
9                                                   Miranda A. Mossavar, Esq.
10                                                 Attorneys for Plaintiff, Sara Ahern

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-20-
**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

EXHIBIT 1
Page 20