TERESA R. TRACY (SBN 89609)
teresa.tracy@saul.com
KENNETH M. JONES (SBN 140358)
kenneth.jones@saul.com
SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 255-6100
Facsimile: (310) 255-6200

Attorneys for Defendants FISERV, INC.
and FISERV SOLUTIONS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DISTRICT

| | |
|---|---|
| SARA AHERN,<br><br>       Plaintiff,<br><br>     vs.<br><br>FISERV, INC.; FISERV SOLUTIONS, LLC; and DOES 1-10, Inclusive,<br><br>       Defendants. | Case No. 2:23-cv-07753 WLH (SKx)<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR STAY THE PROCEEDINGS AND COMPEL ARBITRATION**<br><br>*[Filed concurrently with Supplemental Declaration of Teresa R. Tracy.]*<br><br>**<u>Honorable Wesley L. Hsu</u>**<br><br>Date: October 27, 2023<br>Time: 1:30 p.m.<br>Place: Courtroom 9B<br>      First Street Courthouse<br>      350 W. 1st Street, 9th Floor<br>      Los Angeles, California 90012 |

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

1

**TABLE OF AUTHORITIES**

2

**Page**

3  ARGUMENT  ................................................................................5

4
I.   THE AGREEMENT'S DELEGATION OF GATEWAY ISSUES OF
5   ARBITRABILITY AND CONSCIONABILITY TO THE
    ARBITRATOR CONTROLS. ...............................................5

6
II.  THE AGREEMENT IS NOT UNENFORCEABLE FOR
7   PROCEDURAL AND SUBSTANTIVE UNCONSCIONABILITY ..............6

8      A.   The Agreement Is Enforceable and not Procedurally
           Unconscionable. ...............................................7

9      B.   The Agreement Is Enforceable and not Substantively
10          Unconscionable. ...............................................8

11          i.  The Agreement is mutual. ..................................8

12          ii. The Agreement does not preclude judicial review. .........10

13          iii. The Agreement does not limit Plaintiff's discovery. ......11

14          iv. The Agreement does not interfere with statutory fee-shifting. ........12

15          v.  The Agreement's "informal[]" condition precedent does not
               unfairly disadvantage employees. .......................12

16
17          vi.  The Agreement's confidentiality provisions are not
                unconscionable. ...........................................13

18          vi.  The Agreement is not missing key terms. .................14

19          vii. The cost-sharing provision can be severed. ...............15

20  CONCLUSION  .............................................................17

21  CERTIFICATE OF COMPLIANCE.............................................18

22

23

24

25

26

27

28

51162693.5 367495-00048  51162693.4

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Brennan v. Opus Bank*,
   796 F.3d 1125 (9th Cir. 2015) .......................................................................... 7, 8

5

6

*CarMax Auto Superstores Cal. LLC v. Hernandez*,
   94 F. Supp. 3d 1078 (C.D. Cal. 2015) ................................................................ 17

7

8

*Int'l B'hd of Teamsters v. NASA Servs., Inc.*,
   957 F.3d 1038 (9th Cir. 2020) ............................................................................ 13

9

10

*Martin v. Ricoh Ams. Corp.*,
   No. C-08-4856 EMC, 2009 WL 1578716 (N.D. Cal. June 4, 2009) ................ 17

11

12

*McKay v. JPMorgan Chase Bank, N.A.*,
   No. 2:15-cv-06256-CBM-AJWX, 2016 WL 11755601 (C.D. Cal.
   Mar. 8. 2015) ...................................................................................................... 17

13

14

*McKinney v. Bonilla*,
   No. 07cv2323, 2010 WL 2817179 (S.D. Cal. Jul. 16, 2010) ............................ 14

15

16

*Mortgage Investors Corp. v. Icayan*,
   No. 05-CV-848 IEG (JFS), 05-CV-1185 (JFS), 2005 WL 8173194
   (S.D. Cal. Jul. 27, 2005) .................................................................................... 17

17

18

*Oracle Am., Inc. v. Myriad Group A.G.*,
   724 F.3d 1069 (9th Cir. 2013) .................................................................... 6, 7, 8

19

20

*Portland Gen. Elec. Co. v. Liberty Mut. Ins. Co.*,
   862 F.3d 981 (9th Cir. 2017) ................................................................................ 6

21

22

*Rent-A-Ctr., W., Inc. v. Jackson*,
   561 U.S. 63, 130 S. Ct. 2772, 177 L.Ed.2d 403 (2010) ...................................... 6

23

24

**California Cases**

*Armendariz v. Found. Health Pyschare Servs., Inc.*,
   24 Cal.4th 83, 6 P.3d 669 (2000)............................................................. 8, 16, 17

25

26

*Lane v. Francis Capital Mgmt. LLC*,
   224 Cal.App.4th 676 (2014) ................................................................................. 9

27

28

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

*Malone v. Superior Court*,
226 Cal. App. 4th 1551 (2014) ............................................................... 6

*Murphy v. Check 'N Go of California, Inc.*,
156 Cal. App. 4th 138 (2007) ................................................................. 6

*Ontiveros v. DHL Express (USA), Inc.*,
164 Cal. App. 4th 494 (2008) ................................................................. 6

*Peng v. First Republic Bank*,
219 Cal.App.4th 1462 (2013) .................................................................. 9

*Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev't (US), LLC*,
55 Cal.4th 223, 282 P.3d 1217 (2012) ................................................... 8

*Ramos v. Superior Court*,
28 Cal.App.5th 1042 (2018) ................................................................ 14

*Sanchez v. Carmax Auto Superstores Cal., LLC*,
224 Cal.App.4th 398 (2014) .......................................................... 14, 15

*Sanchez v. Valencia Hldg. Co.*,
61 Cal.4th 899, 353 P.3d 741 (2015) ........................................... 8, 9, 15

**Other State Cases**

*Rivas v. Coverall N. Am., Inc.*,
No. SACV 18-1007 .................................................................................. 7

**Federal Statutes**

9 U.S.C.§ 9 ............................................................................................ 11

Federal Arbitration Act ............................................................ 6, 7, 11, 12

**California Statutes**

Cal. Civ. Code
§ 1607.5 ................................................................................................. 7
§ 1638 .................................................................................................. 12

Cal. Lab. Code
§ 925 .............................................................................................. 15, 16

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR
STAY THE PROCEEDINGS AND COMPEL ARBITRATION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

## **ARGUMENT**

**I.   THE AGREEMENT'S DELEGATION OF GATEWAY ISSUES OF ARBITRABILITY AND CONSCIONABILITY TO THE ARBITRATOR CONTROLS.**

Parties may delegate the adjudication of gateway issues of arbitrability to the arbitrator if they "clearly and unmistakably" so agree. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69, 130 S. Ct. 2772, 177 L.Ed.2d 403 (2010); *Portland Gen. Elec. Co. v. Liberty Mut. Ins. Co.*, 862 F.3d 981, 985 (9th Cir. 2017).

Where a signed arbitration agreement includes a reference to specific arbitration rules—such as the American Arbitration Association ("AAA") Rules identified here (Doc. 13 ¶ 7)—the Ninth Circuit has held that the parties agreed to delegate arbitrability to the arbitrator. *See Oracle Am., Inc. v. Myriad Group A.G.*, 724 F.3d 1069 (9th Cir. 2013). The AAA Rules have consistently and specifically provided—and still provide—that the arbitrator has the power to rule on jurisdiction, including the existence, scope or validity of the arbitration agreement. (Doc. 13-9 Ex. E at 12 § 6, Ex. F at 12 § 6, Ex. G at 12 § 6.)

*Ajamian v. CantorCO2e, L.P.*, Cal.App.4th 771 (2012), cited by Plaintiff, does not change this conclusion. In that case, the agreement allowed the court to rule on certain issues. The Agreement here, however, provides no such exceptions. Furthermore, *Ajamian*'s discussion of the arbitrability issue is dictum. Plaintiff's reliance on *Ontiveros v. DHL Express (USA), Inc.*, 164 Cal. App. 4th 494 (2008), and *Murphy v. Check 'N Go of California, Inc.*, 156 Cal. App. 4th 138 (2007), is similarly inapposite: the court in *Malone v. Superior Court*, 226 Cal. App. 4th 1551 (2014), concluded that a portion of the rationale in *Ontiveros* and *Murphy* was no longer viable and that what remained of those cases was an insufficient basis on which to stablish unconscionability of the delegation clause. *Id.* at 1556.

Where, as here, there is a clear and unmistakable agreement to delegate the question of arbitrability that involves the application of the Federal Arbitration Act

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR
STAY THE PROCEEDINGS AND COMPEL ARBITRATION

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

("FAA"), it is a question of federal law. In *Oracle*, the Ninth Circuit recognized that "[v]irtually every circuit to have considered the issue has determined that incorporation of the [AAA] arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." 724 F.3d at 1073–75. This rule extends to employment arbitration agreements that incorporate AAA Rules. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015).

The Agreement unmistakably delegates the power to determine arbitrability of Plaintiff's claims to the arbitrator. The issue of arbitrability, including conscionability, is for the arbitrator to decide. The analysis ends here under the FAA. The Court should grant Fiserv's motion to compel arbitration on this ground. But in the unlikely event that the Court determines that it should determine arbitrability (including conscionability issues), the Agreement is enforceable under the applicable parameters as established below.

## II.   THE AGREEMENT IS NOT UNENFORCEABLE FOR PROCEDURAL AND SUBSTANTIVE UNCONSCIONABILITY.

Fiserv has met its burden in this motion. It has shown, and Plaintiff has not refuted, the existence of a valid agreement to arbitrate under the FAA. *E.g.*, *Rivas v. Coverall N. Am., Inc.*, No. SACV 18-1007 JGB (KKx), 2022 WL 17960776, at *2 (C.D. Cal. Nov. 28, 2022) (providing court's role on motion to compel arbitration is to determine existence of valid and enforceable agreement to arbitrate that encompasses claims at issue).

In her responding papers, Plaintiff raised the "generally applicable contract defense" of unconscionability,[1] which requires both procedural and substantive

---

[1] The defensive doctrine of unconscionability is codified in the California Civil Code. A court may refuse to enforce a contract or may sever offending provisions and then enforce a contract, upon a finding that "the contract or any clause of the contract [was] unconscionable *at the time it was made*." Cal. Civ. Code § 1607.5 (emphasis added). Here, Plaintiff attempts to overlay this defense on a 21-year-old contract.

proofs. *Armendariz v. Found. Health Pyschare Servs., Inc.*, 24 Cal.4th 83, 114, 6 P.3d 669, 689–90 (2000).  It is Plaintiff's burden to show the applicability of this defense. *Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev't (US), LLC*, 55 Cal.4th 223, 282 P.3d 1217, 1232 (2012) ("The party resisting arbitration bears the burden of proving unconscionability."). An otherwise valid agreement is not unenforceable unless the party asserting the defense—here, Plaintiff—demonstrates a high degree of a combination of both procedural *and* substantive unconscionability is present. *Armendariz*, 24 Cal.4th at 114, 6 P.3d at 767.

As set forth below, Plaintiff did not sufficiently conjure the defense of unconscionability because she fails to show that the Agreement is "tainted with illegality;" her showings on both procedural and substantive unconscionability are unsupported or weak, or both.

## A. The Agreement Is Enforceable and not Procedurally Unconscionable.

The mere fact that a contract is one of adhesion does not doom its enforceability. *Armendariz*, 24 Cal.4th at 114, 6 P.3d at 689. However, the adhesive nature of the Agreement shows, in the absence of unfair surprise, at most, "some degree of procedural unconscionability." *Sanchez v. Valencia Hldg. Co.*, 61 Cal.4th 899, 914–15, 353 P.3d 741, 750–51 (2015). The circumstances around the signing of the Agreement indicate nothing more than a low degree of procedural unconscionability—it was presented as a contingency of employment, but is written in comprehensible text in a legible size.

There is no evidence that Plaintiff received a copy of or a hyperlink to access to the AAA rules. However, like the plaintiffs in *Oracle* and *Brennan*, Plaintiff is sophisticated. Fiserv hired her as the Vice President – Conversions. (Doc. 16-1 ¶ 2.) She had the Agreement for several days prior to starting employment (Doc. 13-2 ¶ 9), and thus had ample time to find or inquire about the AAA rules and decide whether she wished to work subject to the Agreement. Plaintiff's claim that she never got a

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

copy of the Agreement is belied by the fact that she signed it. She could have easily kept or asked for a copy, and she doesn't even claim that she ever asked but was refused a copy. *See Lane v. Francis Capital Mgmt. LLC*, 224 Cal.App.4th 676, 691–92 (2014) (concluding failure to attach AAA rules to agreement did not render agreement procedurally unconscionable because rules were easily accessible on internet and plaintiff did not lack capacity to retrieve them); *Peng v. First Republic Bank*, 219 Cal.App.4th 1462, 1466 (2013) (concluding failure to attach AAA rules, alone, was insufficient to find procedural unconscionability where employee had 25 days to consider).

At most, there is some degree of procedural unconscionability, but, in tandem with the low degree of substantive unconscionability (*infra*), the Agreement is enforceable.

## B. The Agreement Is Enforceable and not Substantively Unconscionable.

Substantial unconscionability, which can render an agreement unenforceable, arises only when there is a "*substantial* degree of unfairness beyond an "old-fashioned bad bargain." *Sanchez*, 61 Cal.4th at 911, 353 P.3d at 748 (emphasis added). As described below, Plaintiff's claims of substantial unfairness are unsubstantiated.

### i. The Agreement is mutual.

Plaintiff asserts, based on a selective reading of the scope-of-arbitration clause, that the Agreement lacks mutuality. This argument fails. The express terms of the (unmistakably mutual) Agreement control, not Plaintiff's selective reading.

Paragraph 1 sets forth the types of claims that both parties must litigate in arbitration. Specifically, the Agreement calls for the arbitration of certain compensation claims or claims related to termination that arise in tort, or "termination claims concerning breach of any contract or covenant, express or implied, relating to employment, benefits, or compensation," or "claims for violation of any federal, state, or other governmental constitution, statute, ordinance or regulation." (Doc. 13-3 ¶ 1.)

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

It simply is not the case, as Plaintiff contends, that this clause lists "only claims the employee might bring against the employer." (Doc. 16 at 12.) Instead, under this provision, an *employer* would be required to arbitrate any of the following claims:[2] tortious interference, breach of fiduciary duty, breach of employment agreement, destruction or theft of company property, or defamation. The Agreement is mutual in scope.

Further undermining Plaintiff's assertion that the Agreement "relegates" all employee claims to arbitration is the Agreement's express carve-outs. The Agreement excludes the following claims from arbitration (*i.e.*, the carved-out claims can be pursued in court), almost *all* of which belong to employees:

> [1] [T]he appropriateness of the employee's salary as compared to other employees or the outside labor market, merit increases in salary, promotions or demotions and their related salary action, commission plan rates, management bonus or employee incentive plan rates; [2] disciplinary actions during the employment relationship; [3] workers' compensation benefits or compensation; [4] claims for unemployment compensation; [5] claims by the Company for injunctive and/or other equitable relief for unfair competition and/or the use of unauthorized disclosure of trade secrets or confidential information;[3] and [6] claims

---

[2] This illustrative list non-exhaustive.

[3] Plaintiff asserts that a provision in her Restricted Stock Unit Agreement ("RSUA") demonstrates the one-sidedness of the Agreement. (Doc. 16 at 13–14.) Specifically, she takes issue with RSUA's provision that Fiserv may litigate trade-secret claims against employees in court (as opposed to arbitration). (*See* Doc. 16-1 ¶ 4(b).) But this provision of the RSUA does nothing to show a further transgression against substantive fairness because (1) it does not alter the scope of the Agreement, as the Agreement already provides that trade-secret claims are to be litigated in court; and

based upon an employee pension or benefit plan . . . .

(Doc. 13-3 ¶ 1.)

This is *not* a situation in which an agreement "requires one contracting party, but not the other, to arbitrate all claims arising out of the same transaction or occurrence," as Plaintiff urges. (*See* Doc. 16 at 12.) The Agreement's plain language is congruent with its title—it is mutual.[4]

### ii.    The Agreement does not preclude judicial review.

Plaintiff asserts that the following provision precludes judicial review: "the arbitrator's decision will be final and binding upon the parties." (Doc. 13-3 ¶ 18.) The ordinary meaning of this provision is that it has a preclusive effect, much like a "final" judgment of a trial court; a party is not free to disregard the award and seek to litigate the case anew if dissatisfied with the results.

Further, the Agreement provides for the limited judicial review afforded by the FAA.[5] *See* 9 U.S.C. §§ 9 (permitting review and confirmation of award), 10 (providing grounds to review and vacate award), and 11 (permitting review and modification of award). Fiserv is unaware of any California court that has held that

_____

(2) the RSUA does not purport to permit Fiserv to litigate claims in court while making an employee litigate the same claim in arbitration.

[4] Plaintiff's counsel asserts that Fiserv withheld documents from Plaintiff's 2002 onboarding from its response to Plaintiff's personnel file request, which documents would demonstrate lack of mutuality in the Agreement. (Doc. 16-2 ¶¶ 5, 6 ("[W]e believe th[e documents] contain different standards for situations where Fiserv wishes to sue its employees for certain violations (e.g., trade secret issue, or a breach of the non-compete clause).").) Fiserv's counsel responded truthfully that the entirety of the personnel file, as it has been maintained for 21 years, was fully produced. (Doc. 16-2 Exs. 2, 3.) But, more to the point, the documents at issue would not change the scope of the Agreement—the Agreement clearly sets forth which types of claims were subject to arbitration; it follows that all claims not specifically listed are *not* subject to arbitration. (*See* Doc. 13-3 ¶ 1.)

[5] Plaintiff does not challenge the applicability of the FAA.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR
STAY THE PROCEEDINGS AND COMPEL ARBITRATION

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

the limited judicial review mechanisms in the FAA are substantively unconscionable. Thus, the Agreement clearly provides for judicial review.

### iii.    The Agreement does not limit Plaintiff's discovery.

Plaintiff asserts that Paragraph 10 "imposes drastic limits" on prehearing discovery:

> Each party shall be entitled to production of requested documents under the same standards used by the Federal Courts, exchange of witness lists and summaries of the testimony of proposed witnesses, the assistance of one expert witness, and examination by deposition of up to three potential witnesses.

(Doc. 13-3 ¶ 10.) Plaintiff's asserted understanding of Paragraph 10 makes sense if the word "only" is inserted: "Each party shall be entitled *only* to . . . ." But neither Plaintiff nor the Court can supply words to the Agreement where they do not exist. Cal. Civ. Code § 1638. Absent the insertion of "only," Paragraph 10 does not limit discovery at all; it simply provides guaranteed minimum ground rules for discovery in the event the arbitration rules happen to provide otherwise.[6]

The absence of limiting language in Paragraph 10 further rebuffs Plaintiff's assertion that the Agreement "does not allow the arbitrator to expand on the discovery allowed." (Doc. 16 at 16.) Paragraph 10 does not make any such prohibition, and the Agreement provides that AAA rules govern. (Doc. 13-3 ¶ 7.) Thus, Paragraph 10 does not place unfair limits on discovery.

---

[6] Even if Paragraph 10 was read to limit discovery, the limitations are mutual and not unfairly one-sided. They apply to both employer and employee, regardless who is the complaining party.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

### iv.   The Agreement does not interfere with statutory fee-shifting.

Plaintiff asserts that Paragraph 15 of the Agreement ("Costs")—which provides that each party will bear their own arbitration costs—requires Plaintiff to waive FEHA's cost-shifting provisions. Plaintiff forgets that contracts must be read as a whole. *Int'l B'hd of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1042 (9th Cir. 2020) (applying California law). Paragraphs 16 and 17 provide that the arbitrator has authority to award "*any* remedy of relief" that a court "could grant in conformity to applicable law," and further that their award is governed by applicable laws "as though the matter were before a court of law." (Doc. 13-3 ¶¶ 16, 17 (emphasis added).) These permissive provisions in Paragraphs 16 and 17 are not limited or otherwise qualified. It is unreasonable to read Paragraphs 16 and 17 as excepting statutory fee-shifting provisions from the arbitrator's purview.

When read together (as the Court must), Paragraphs 15, 16, and 17 provide that the parties bear their own costs except in the event the arbitrator renders an award. In other words, if the parties settled prior to an award, each party would bear their own costs. Such an arrangement is not unconscionable. This arrangement does not offend FEHA's fee-shifting provisions.

### v.   The Agreement's "informal[]" condition precedent does not unfairly disadvantage employees.

Paragraph 8 provides a condition precedent to invoking arbitration: the parties "will first attempt to resolve the matter informally through a meeting with the local human resources manager and business unit president." (Doc. 13-3 ¶ 8.) Plaintiff contends this requirement is substantively unconscionable because it gives the employer a "free peek" at an employee's case (Doc. 16 at 18–19.) Not so. Paragraph 8 does not require any complainant to "tip their hand." It simply provides a mechanism by which each party is to attempt informal resolution of a potential claim. It does not require disclosure of theories of recovery or contemplated claims or

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

witnesses.

Further, Paragraph 8 is far from the unfair and oppressive provision in *McKinney v. Bonilla*, No. 07cv2323, 2010 WL 2817179 (S.D. Cal. Jul. 16, 2010) (relied on by Plaintiff), which sets up "a series of hurdles to be cleared so that only the most persistent employees" would jump through them in order to litigate their case; it required progressive meetings (subject to strict timelines) with company leadership, submission of a written notice of the dispute that "concisely identifies what the problem is and what resolution" is sought. *Id.* at *8–9. In stark contrast, Paragraph 8 provides for a one-step "informal[]" attempt at resolution, applies to any complainant regardless if it is the employer or employee, places no timelines on the complainant, and does not require either party to divulge key aspects of their case. The condition-precedent clause is neither one-sided, oppressive, or designed to disadvantage employees.

### vi.   The Agreement's confidentiality provisions are not unconscionable.

Confidentiality provisions are not *per se* unconscionable. *E.g.*, *Sanchez v. Carmax Auto Superstores Cal., LLC*, 224 Cal.App.4th 398, 408 (2014) (reversing trial court's determination that confidentiality provision was substantively unconscionable). Here, the confidentiality clause requires only that the "arbitration proceedings" be confidential, and that "information about documents produced in connection with the proceeding" shall not be disclosed, except as provided. (Doc. 13-3 ¶ 14.)

Plaintiff likens this confidentiality clause to the substantively unconscionable confidentiality provision in *Ramos v. Superior Court*, 28 Cal.App.5th 1042 (2018), which was far more restrictive—it required that "all aspects of the arbitration shall be maintained by the parties and the arbitrators in strict confidence." *Id.* at 700. The court determined that the restrictive scope of the provision (which required confidentiality of "all aspects") hampered the employee's ability to contact or interview witnesses

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

outside of the discovery process. Here, however, the confidentiality clause is notably less restrictive. The Agreement does not preclude conversations with witnesses about their knowledge; it simply precludes disclosure of the proceedings—*i.e.*, the activities of the parties and arbitrator within the arbitration. That is, Plaintiff does not need to disclose the details of the arbitration proceedings to potential fact witnesses in order determine what that person may know. This is especially so when, as here, the nature and details of Plaintiff's claims are already matters of public record as parts of both the state and federal court dockets.

The Agreement's confidentiality provision is more like that in *Sanchez*, which required that "the arbitration (including the hearings and record of the proceeding) be confidential and not open to the public unless the parties agree otherwise." *Sanchez*, 224 Cal.App.4th at 481. Like in *Sanchez*, the confidentiality provision here does not hamper the ability of an employee to discover evidence and is not substantively unconscionable.

### vi.    The Agreement is not missing key terms.

The following blanks in the Agreement that Plaintiff argues are material simply are not:

- The Preamble does not identify Fiserv Solutions, LLC as a party to the Agreement. Fiserv thoroughly treated this issue in its opening brief (*see* Doc. 13-1 at 14–18); Plaintiff offers no rebuttal to Fiserv's strong cited authority, which permits Fiserv Solutions, LLC to invoke the Agreement's terms.

- Paragraph 2's governing law is left blank. However, as Fiserv noted in its opening brief (*see* Doc. 13-1 at 14 n.3), California law *mandates* that California law apply. Cal. Lab. Code § 925. Plaintiff offered no rebuttal.

- Paragraph 6 provides that Fiserv can obtain "injunctive relief to enforce the obligations of *_____ or Fiserv policy (No. 411) regarding . . . ." At the conclusion of the paragraph, the agreement

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

provides the following asterisked instructions: "Insert any applicable reference to an employment agreement or non-compete covenant." (Doc. 13-3 ¶ 6.) The blank confirms simply that Plaintiff was not subject to an employment or non-compete agreement. (*See, e.g.*, Doc. 13-4, 13-5.)

- Paragraphs 16 and 17 also include blank lines regarding the applicable state law governing remedies and the award. As noted above, California law *requires* that California law apply. *See* Cal. Lab. Code § 925

Thus, the above-referenced blanks are not material, and they do not require the Court to impermissibly read language into the Agreement.

### vii.    The cost-sharing provision can be severed.

Paragraph 15 purports to govern costs:

> Each party shall be responsible for its own costs incurred preparing for and participating in the arbitration. The costs and fees of the arbitrator, the record, and of the AAA shall be shared by the parties, with the employee's share not to exceed an amount greater than a sum equal to one week's wages.[7]

(Doc. 13-3 ¶ 15.) Fiserv acknowledges that the Agreement contained a cost-sharing provision that, in light of the landmark *Armendariz* decision, is not permissible in the context of a FEHA claim and does not seek to enforce it. In fact, in its first outreach to Plaintiff's attorneys, Fiserv advised that, "[n]otwithstanding the provisions of the Agreement, Fiserv agrees to pay all costs of the arbitrator, the record and of the AAA." (Doc. 13-9 Exh. A.)

---

[7] Plaintiff asserts that "requiring an employee to pay a week's worth of wages is an unconscionable impediment to many employees pursuing claims in the first place." (Doc. 16 at 19.) However, the fee to file a complaint in California state court (as Plaintiff did in this litigation) exceeds the AAA's filing fee. (Supplemental Declaration of Teresa Tracy ¶ 6; *see also id.* ¶¶ 3–5.)

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

The impermissibility of Paragraph 15 does not render the Agreement unenforceable; it can be severed. Courts may sever offending provisions of an arbitration agreement if, taking a "global view of the agreement," the offending provision is collateral to the contract's main purpose (as opposed to the central purpose of the contract being tainted with illegality). *Armendariz*, 24 Cal.4th at 124. For example, in *Mortgage Investors Corp. v. Icayan*, No. 05-CV-848 IEG (JFS), 05-CV-1185 (JFS), 2005 WL 8173194 (S.D. Cal. Jul. 27, 2005), a court determined that an arbitration agreement contained two substantively unconscionable provisions, including a cost-sharing provision. *Id.* at *7. The "taint of illegality" was removed by severing the offending provisions and the court compelled arbitration. *Id.*; *see also McKay v. JPMorgan Chase Bank, N.A.*, No. 2:15-cv-06256-CBM-AJWX, 2016 WL 11755601, at *9–10 (C.D. Cal. Mar. 8. 2015) (severing arbitral-cost provision, which court to have unconscionable deterrent effect); *CarMax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1125–27 (C.D. Cal. 2015) (granting employer's motion to compel arbitration after severing sole unconscionable clause in arbitration agreement, the taint of which did not affect other provisions); *Martin v. Ricoh Ams. Corp.*, No. C-08-4856 EMC, 2009 WL 1578716, at *5–6 (N.D. Cal. June 4, 2009) (finding procedural and substantive unconscionability in employee arbitration agreement but granting motion to compel after severing sole substantively unconscionable provision).

Here, the Agreement's central purpose is to ensure that all claims mutually arising under it are resolved by arbitration. As described *supra*, aside from Paragraph 15, the Agreement is not tainted by substantive unconscionability, and has a low degree of procedural unconscionability. As in *Icayan*, the purpose of the agreement can be served by severing Paragraph 15.[8]

---

[8] Upon severance, Fiserv will not contest its responsibility for all costs of the arbitrator, the record and of the AAA—it has already made such representation to

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

## <u>CONCLUSION</u>

For the foregoing reasons, and for those set forth it its opening brief, the Agreement is enforceable and requires arbitration of Plaintiff's claims. The Agreement is not "permeated" with unconscionable clauses; its lawful purpose can be served by severing its sole problematic provision. Fiserv respectfully requests that the Court grant its Motion and enter an Order compelling arbitration of Plaintiff's claims and dismissing her case, or, alternatively, stay the proceedings.

DATED:  October 13, 2023          SAUL EWING LLP


By: _____
TERESA R. TRACY
Attorneys for Defendants FISERV, INC.
and FISERV SOLUTIONS, LLC

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

Plaintiff. (*See* Doc. 13-9 Exh. A.)

51162693.5 367495-00048  51162693.4

17

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR
STAY THE PROCEEDINGS AND COMPEL ARBITRATION

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Fiserv, Inc. and Fiserv Solutions, LLC, certifies that this brief contains 3,795 words, which complies with the word limit of L.R. 11-6.1.

DATED:  October 13, 2023         SAUL EWING LLP

By: _____
TERESA R. TRACY
Attorneys for Defendants FISERV, INC. and FISERV SOLUTIONS, LLC

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR
STAY THE PROCEEDINGS AND COMPEL ARBITRATION