TERESA R. TRACY (SBN 89609)
teresa.tracy@saul.com
KENNETH M. JONES (SBN 140358)
Kenneth.jones@saul.com
SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 255-6100
Facsimile: (310) 255-6200

Attorneys for Defendants FISERV, INC.
and FISERV SOLUTIONS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DISTRICT

| | |
|---|---|
| SARA AHERN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FISERV, INC.; FISERV SOLUTIONS, LLC; and DOES 1-10, Inclusive,<br><br>　　　　Defendants. | Case No. 2:23-cv-07753 WLH (SKx)<br><br>**DECLARATION OF TERESA R. TRACY IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY AND OBLIGATIONS UNDER THE COURT'S SCHEDULING ORDER PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION**<br><br>[Complete List of Moving Papers:<br>　1) Notice of Motion and Motion; Memo of Points and Authorities;<br>　3) Declaration of Teresa Tracy; and<br>　4) [Proposed] Order.]<br><br>**Honorable Wesley L. Hsu**<br><br>Date:　November 17, 2023<br>Time:　1:30 p.m.<br>Place:　Courtroom 9B<br>　　　　First Street Courthouse<br>　　　　350 W. 1st Street, 9th Floor<br>　　　　Los Angeles, California 90012 |

51174287.1 367495-00048

DECLARATION OF TERESA R. TRACY IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY AND OBLIGATIONS UNDER THE COURT'S SCHEDULING ORDER PENDING RESOLUTION OF MOTION
51174287.1

I, Teresa R. Tracy, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the State of California and the U.S. District Court for the Central District of California. I am counsel in the law firm of Saul Ewing LLP, counsel of record for Fiserv, Inc. and Fiserv Solutions, LLC (together, "Fiserv") in this Action. I have personal knowledge of the facts set forth in this Declaration, and, if called as a witness, could and would competently testify to such facts under oath.

2. This Declaration is filed contemporaneously with Fiserv's Notice of Motion and Motion to Stay Discovery and Obligations Under the Court's Scheduling Order Pending Resolution of the Motion to Compel Arbitration (the "Motion to Stay") and Fiserv's *Ex Parte* Application to Shorten Time for the Hearing and Briefing Schedule on Motion to Stay Discovery and Obligations Under the Court's Scheduling Order (the "*Ex Parte* Application"). Prior to these filings, Fiserv attempted via email to arrange a meet and confer regarding the Motion to Stay and *Ex Parte* Application, pursuant to L.R. 7-3, 7-19, and 37-1. Plaintiff's counsel declined to make themselves available for a meet and confer. These communications are explained more fully below and are attached as **Exhibits A–C.**

3. On September 15, 2023, Fiserv timely removed Plaintiff's complaint in this case to federal court, and Plaintiff has not disputed that this Court has jurisdiction over the case. On September 18, 2023, the case was assigned to the within Court. On September 22, 2023, Fiserv filed a motion to compel arbitration and for a dismissal/stay as its first responsive pleading. That motion is calendared to be heard on October 27, 2023. Independent of any judicial mandate and based on its obligation under California Labor Code § 1198.5, Fiserv responded to Plaintiff's request for a copy of her personnel file, and produced those documents on September 27, 2023. On October 6, 2023, Plaintiff filed her opposition to Fiserv's motion, and on October 13, 2023, Fiserv filed its reply in support of its motion. Fiserv has not served or responded to any discovery in this case as of the date of this Declaration.

4. In the meantime, this Court calendared a Scheduling Conference to be held on November 3, 2023. (Doc. 14.) This triggered, at a minimum, meeting and conferring on a Rule 26 Joint Report and proposed trial calendar by October 13, 2023 (the same day that Fiserv's reply in support of its motion to compel arbitration and for a dismissal/stay was filed) and submitting the Joint Report and proposed trial calendar by October 20, 2023. Plaintiff's counsel also indicated that they would be serving discovery prior to the scheduling conference (although they have not yet done so as of the execution of this Declaration). This communication is attached as **Exhibit D**.

5. On October 10, 2023, Plaintiff's counsel emailed a draft joint report with partial responses on behalf of Plaintiff, as well as a draft scheduling worksheet with many dates unilaterally suggested by his office. This communication is attached as **Exhibit E**.

6. On October 11, 2023, I responded by email. (**Exhibit A**.) Among other things, I noted that, by the time of the actual Scheduling Conference, as currently calendared, Fiserv hoped to have a ruling on the motion. If it prevailed, Fiserv anticipated that the Court would stay or dismiss the entire case. I went on to advise him that if the Court denied the motion, we would have to discuss with Fiserv the advisability of promptly filing an interlocutory appeal which will automatically stay the case. In the meantime, Fiserv contends that it should not be required to engage in litigation, including but not limited to, activities related to the currently-calendared scheduling conference, initial disclosures, discovery, etc. I went on to say:

> In the service of judicial economy and efficiency, it does not make sense to us to go through the meet and confer, Joint Report, scheduling conference, and related activities until after we get the Court's ruling on the motion to compel arbitration. Fiserv certainly does not want to engage in any activity that could be construed as a waiver of its right to arbitrate all of Plaintiff's claims, or engage in litigation in the federal court that it contends it should not be required to do by reason of the arbitration agreement signed by

your client.

Therefore, we propose that we jointly file a stipulation asking the Court to continue the scheduling conference and all related dates (e.g., meet and confer, joint report), initial disclosures, and discovery to a date that is at least 20 days after it issues its ruling on Fiserv's motion (or such other date as the Court determines). That would give counsel time to review and discuss the ruling with our respective clients, and take the next steps depending upon the ruling.

We hope that you concur with the above approach.

7. Plaintiff's counsel responded later that day. (**Exhibit A**.) Among other things, Plaintiff's counsel observed that he could not force Fiserv to participate in the meet and confer process or add to the Joint Report, so he was not opposed to moving that if the Court allowed it. However, he went on to say that Plaintiff would not stipulate to put anything else on hold, such as discovery or initial disclosures, adding that Plaintiff intended to commence discovery shortly. He ended by saying that Fiserv was free to prepare a stipulation for his review but that it should be made clear in the stipulation that it was Fiserv's request and that it accurately described Plaintiff's position.

8. On October 13, 2023, I contacted Plaintiff's counsel by email and advised him as follows (**Exhibit B**):

a. With respect to the meet and confer on the joint report: Without in any way waiving the position that this entire matter should be sent to arbitration and the civil suit stayed or dismissed, I was available today to meet and confer on the joint report. My input, however, would be limited to reiterating that the matter should be sent to arbitration together with a stay/dismissal of the civil suit, and that any further proceedings in the civil suit should be stayed pending the final ruling on the arbitration motion. I asked him to please contact me that day to have a telephonic meet and confer.

51174287.1 367495-00048

4

DECLARATION OF TERESA R. TRACY IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY AND OBLIGATIONS UNDER THE COURT'S SCHEDULING ORDER PENDING RESOLUTION OF MOTION
51174287.1

  b. With respect to a meet and confer on an *ex parte* application to shorten time to hear a motion to stay the civil proceedings: I said that while Fiserv appreciated his offer of a limited stipulation to continue some but not all of the judicial proceedings pending a final ruling regarding arbitration, Fiserv would be filing a formal motion to stay the proceedings, together with an *ex parte* application to shorten time to hear that motion. Pursuant to Local Rules, we were to meet and confer in person at our offices prior to filing the *ex parte* and motion. I asked him to please let me know his availability on Monday to come to our office to do this.

  9. Plaintiff's counsel responded on October 13 (**Exhibit B**), expressing their disagreement with Fiserv's contemplated motion to stay the proceedings, and suggested that the parties begin discovery and "start exchanging information now." Plaintiff's counsel also expressed that a motion to stay was unnecessary, and suggested that Fiserv draft a stipulation instead. My colleague responded in to Plaintiff's counsel to reiterate Fiserv's position with regard to its contemplated motion to stay, and requested Plaintiff's counsel's availability for a meet and confer. I was copied on this communication. (***Id.***) Plaintiff's counsel declined to provide a time to meet and confer, and again suggested that Fiserv draft a stipulation for his review. (***Id.***)

  10. On the morning of October 16, I sent a draft stipulation to Plaintiff's counsel via email. (**Exhibit C**.) The draft stipulation set forth an agreement to stay discovery until the Court reaches a decision on Fiserv's pending Motion to Compel Arbitration. The draft stipulation is attached as **Exhibit F**. I asked Plaintiff's counsel to sign and return the stipulation as soon as possible, or, in the event Plaintiff would not enter into the stipulation, to inform me of their availability for a meet and confer regarding Fiserv's contemplated motion to stay and *ex parte* application.

  11. On October 17, Plaintiff's counsel proposed edits to the draft stipulation which would effect less than a stay on discovery while the Motion to Compel was

pending. My colleague advised that the proposed edits were not acceptable, and requested to further meet and confer via telephone. Plaintiff's counsel did not respond. This communication is attached as **Exhibit G** and **Exhibit H.**

12. The Scheduling Conference and all related activities and proceedings (including but not limited to, meeting and conferring on the joint report, filing the joint report and proposed scheduling calendar) should be continued until after a final decision on Fiserv's motion to compel arbitration and for stay/dismissal. Similarly, all discovery and any other judicial or civil lawsuit-related activities should be stayed pending that final decision. Otherwise, Fiserv will suffer irreparable harm in the form of a deprivation of the right to the speed and economy of arbitration, unnecessary litigation costs, and interference with their business by reason of litigation and discovery in this t that should not be necessary until after a final decision on whether to send the parties to arbitrate their dispute.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed October 17, 2023, at Los Angeles, California.

_____
Teresa R. Tracy

51174287.1 367495-00048

6

DECLARATION OF TERESA R. TRACY IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY AND OBLIGATIONS UNDER THE COURT'S SCHEDULING ORDER PENDING RESOLUTION OF MOTION
51174287.1